## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** } | |
| } | |
| } | **CIVIL CASE NO.** CIV-11-1095-HE |
| **Plaintiff,** } | |
| } | |
| **v.** } | |
| } | |
| **(1) KID'S R US LLC,** } | |
| } | **JURY TRIAL DEMAND** |
| **Defendant.** } | |
| _____ } | |

### COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (pregnancy) and in retaliation for protected activity, and to provide appropriate relief to Shawna Capps, Melissa Capps and Dana Finley. The Equal Employment Opportunity Commission alleges that the Defendant, Kid's R Us LLC, violated Title VII when it subjected Shawna Capps to unlawful discrimination on the basis of her pregnancy in cutting her hours of work, demoting her, and constructively discharging her. Further, that Defendant violated Title VII's prohibition against retaliation by: (1) constructively discharging Shawna Capps because she filed a charge of employment discrimination with the EEOC and otherwise engaged in protected activity; (2) discharging Melissa Capps because she protested that the demotion of Shawna Capps was unlawful pregnancy discrimination and because she was the cousin of Shawna Capps; and (3) discharging Dana Finley because she was the sister of Shawna Capps and a cousin of Melissa Capps.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Oklahoma.

## PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission ("the Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. 2000e-5(f)(1) and (3).

4.      Defendant, Kid's R Us LLC is an Oklahoma limited liability corporation. At all relevant times, Defendant operated several childcare facilities in the greater Oklahoma City metropolitan area, including its facility located in the City of Choctaw, County of Oklahoma, State of  Oklahoma.  At all relevant times, Defendant has employed at least fifteen employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C.§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, Shawna Capps, Melissa Capps and Dana Finley filed charges of discrimination with the Commission alleging violations of Title VII by the Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least March 2010, Defendant has engaged in conduct in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a)  by discriminating against Shawna Capps on the basis of her pregnancy in that:

(a)     Shawna Capps was employed as the assistant director of Defendant's Choctaw, Oklahoma facility from around November 2, 2009.  At all times her performance was satisfactory and Defendant's owners told her they were planning to promote her to be the director of a new facility they planned to open;

(b)     In early March 2010, Shawna Capps advised Ted Ketterling, one of Defendant's owners, that she was pregnant;

(c)     On March 31, 2010, Ted Ketterling advised Shawna Capps that: (1) a new "co-director" was being hired and her assistant director duties were being substantially altered, (2) she was being reassigned to the kitchen as a cook, and (3) her hours were being reduced.  Ketterling further stated that the primary reason for the change was because Shawna Capps "decided to get pregnant;"

(d)     Defendant did in fact demote Shawna Capps to a cook and reduce her work hours because she was pregnant.

3

8.      Since at least March 2010, Defendant has engaged in conduct in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by discriminating against Shawna Capps because she made a charge of discrimination under Title VII and otherwise opposed practices made unlawful employment practices by Title VII, more specifically:

(a)     On April 2, 2010, Shawna Capps filed a charge with the EEOC alleging discrimination on the basis of pregnancy.  Notice of Shawna Capps' charge was sent to Defendant on or about April 9, 2010.

(b)     On May 12, 2010, Shawna Capps was informed by Britany Harkrider, facility director, and Laura Sessions, district manager, that she was being transferred the next day to its Shawnee, Oklahoma facility, where she would be working in an unspecified part-time position.  No reason was provided to Shawna Capps for the immediate and involuntary transfer.

(c)     Defendant constructively discharged Shawna Capps by forcing her to resign her employment with Defendant due to its reduction of her hours of work, her demotion to a cook, and finally her transfer to a work site, Shawnee, Oklahoma, which was significantly farther from her home than her normal work site, and reassignment to an unspecified part-time position.

9.      Since at least May 2010, Defendant has engaged in conduct in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by retaliating against Melissa Capps because she opposed its discriminatory demotion of Shawna Capps to a cook position due to her pregnancy and because she was the cousin of Shawna Capps, in that:

(a)     Melissa Capps overheard statements made during the above mentioned March 31, 2010, meeting set forth in paragraph 7(c), specifically that Shawna Capps was being demoted to a cook because she "decided to get pregnant;"

(b)     On or about April 1, 2010, Melissa Capps, advised Diane Ketterling, a co-owner of Defendant, that she had heard Ted Ketterling's comment about Shawna's pregnancy and believed it was discriminatory;

(c)     On or about May 12, 2010, Laura Sessions told Shawna Capps after Capps announced her resignation to "take your family with you." Later that day Sessions called Melissa Capps to a meeting with Harkrider whereupon Sessions discharged Melissa Capps without any stated reason and intimated that Dana Finley was to meet with her next.

10.     Since at least May 2010, Defendant has engaged in conduct in violation of Section and 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by retaliating against Dana Finley on the basis of the protected activity of her co-workers and family members, Shawna Capps (her sister) and Melissa Capps (her cousin), as alleged in paragraphs 8(a) to 8(c) and paragraphs 9(a) to 9(c) above, in that:

(a)     Dana Finley is the sister of Shawna Capps and a cousin of Melissa Capps, and had been employed by Defendant as a teacher since August 17, 2009.

(b)     On May 12, 2010, Britany Harkrider escorted Melissa Capps into Finley's classroom, whereupon Melissa Capps advised Finley, "come on, we're being fired."  Harkrider expressed agreement to Melissa Capps' statement and also apologized to Finley, stating she was "sorry that it had to happen this way,"

and that Finley was good at her job.

11.     The effect of the practices complained of in paragraphs 7(a) to 7(d) above has been to deprive Shawna Capps of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

12.     The effect of the practices complained of in paragraphs 8(a) to 8(c) above has been to deprive Shawna Capps of equal employment opportunities and otherwise adversely affect her status as an employee because she filed a charge of employment discrimination with the EEOC.

13.     The effect of the practices complained of in paragraphs 9(a) to 9(c) above has been to deprive Melissa Capps of equal employment opportunities and otherwise adversely affect her status as an employee because she was the cousin of Shawna Capps and because she protested to Defendant its demotion of Shawna Capps because she was pregnant.

14.     The effect of the practices complained of in paragraphs 10(a) to 10(b) above has been to deprive Dana Finley of equal employment opportunities and otherwise adversely affect her status as an employee because she was the sister of Shawna Capps and because she was the cousin of Melissa Capps, both of whom engaged in protected activity under Title VII.

15.     The unlawful employment practices complained of in paragraphs 7(a) - 7(d), 8(a) - 8(c), 9(a) - 9(c), and 10(a) - 10(b) above were intentional.

16.     The unlawful employment practices complained of in paragraphs 7(a) - 7(d), 8(a) - 8(c), 9(a) - 9(c), and 10(a) - 10(b) above were committed with malice or with reckless indifference to the federally protected rights of Shawna Capps, Melissa Capps, and Dana

Finley.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of pregnancy, including reassignments and demotions of pregnant employees to new positions, reducing the amount of work hours of pregnant employees, reassignment of pregnant employees to other facilities, and the constructive discharge of pregnant employees.

B.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which retaliates against any individual who has opposed unlawful employment practices or which retaliates against any employee who is a relative of an individual who has opposed unlawful employment practices.

C.     Order the Defendant to institute and carry out policies, practices and programs that provide equal employment opportunities for women and which eradicate the effects of the Defendant's past and present unlawful practices.

D.     Order the Defendant to institute and carry out policies, practices and programs that provide equal employment opportunities for employees who engage in protected activities  and which eradicate the effects of the Defendant's past and present unlawful practices.

E.      Order the Defendant to institute and carry out policies, practices and programs that provide equal employment opportunities for employees who are related to employees who engage in protected activities  and which eradicate the effects of the Defendant's past and present unlawful practices.

F.      Order the Defendant to make whole Shawna Capps, Melissa Capps and Dana Finley by providing appropriate back pay and benefits with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of the Defendant's unlawful employment practices, including but not limited to rightful place reinstatement or front pay in lieu of reinstatement.

G.      Order the Defendant to make whole  Shawna Capps, Melissa Capps and Dana Finley by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 7(a) - 7(d), 8(a) - 8(c), 9(a) - 9(c), and 10(a) - 10(b) above, including but not limited to emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment and inconvenience, in amounts to be determined at trial.

H.      Order the Defendant to pay  Shawna Capps, Melissa Capps and Dana Finley punitive damages for its malicious conduct or reckless indifference described in paragraphs 7(a) - 7(d), 8(a) - 8(c), 9(a) - 9(c), and 10(a) - 10(b) above, in amounts to be determined at trial.

I.      Grant such further relief as the Court deems necessary and proper in the public interest.

J.      Award the Commission its costs in this action.

8

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

**FOR PLAINTIFF U.S. E.E.O.C.:**

Respectfully Submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

BARBARA A. SEELY
Regional Attorney
314-539-7910
barbara.seely@eeoc.gov

C. FELIX MILLER
Supervisory Trial Attorney
314-539-7914
felix.miller@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
1222 Spruce Street, Room 8.100
St. Louis, Missouri 63103
facsimile: 314-539-7895

/s/Patrick J. Holman
PATRICK J. HOLMAN, OBA No.: 21216
Trial Attorney, EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Oklahoma City Area Office
215 Dean A. McGee Ave., Suite 524
Oklahoma City, OK 73102
(405) 231-4363 (telephone);
(405) 231-5816 (fax)
patrick.holman@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**